.McRinnbV, J.
delivered the opinion of the court.
This is an indictment upon the Act of 1822, ch. 19, sec. 8. 'The second count charges, in substance, that the defendant, •Jesse Brady, a mulatto man and Louisa Scott, a white woman, did unlawfully live together as man and wife, com trary to the statutes, &c. Upon this count the defendants 'were jointly convicted, and judgment was pronounced upon the defendant Louisa Scott, but the court arrested judgment as to the defendant Brady, and the Attorney General, on behalf of the State, prosecuted an appeal to this court. The only question is, whether judgment was .properly arrested, upon the ground that the defendant is -charged in the indictment to be a mulatto. The first section -of'the act provides, that “If any white man or woman shall intermarry with a negro, mustee, or mulatto man, or woman, or any person of mixed blood, bond br free, to the third generation inclusive, each and every person so offending shall be liable to a penalty of five hundred dollars, to *75 be recovered by action of debt in any of the courts of this State, to the use of the person who will sue for the same.”The third section declares that such marriage “shall be null and void to all intents and purposes. And if any white man or woman shall presume to live with any negro, mustee, or mulatto man or woman, as man and wife, each and every of the parties, so offending, shall be liable to forfeit and pay the sum of five hundred dollars to any person who may or will sue for the samé, by. action of debt, and moreover be liable to be indicted and punished at the discretion of the court.” 'We think it clear that the penalty and punishment prescribed in this statute, do not apply to the negro, mustee or mulatto, with whom a white man or woman may live, as man and wife, contrary to its enactment;-the offence contemplated by the statute is obviously •confined to one of the parties, viz, the white man or woman who “shall presume to live with any negro, mustee or mulatto man or woman, as man and wife:” such white man or woman is alone regarded, and treated by the statute, as the “offending party.” This interpretation is consonant with the reason and policy of the statute: the- contrary interpretation would lead to palpable absurdity. If the loose and careless phraseology in the third section, viz, “each and every of the parties” is to be taken literally, as argued by the Attorney General, it will irresistibly follow, that slaves are within its provisions, and they will be subject and liable to forfeit and pay the sum of five hundred dollars, to be recovered by action of debt, in any of the courts of this State; for negroes, mustees and mulattoes, whether bond or free, are placed by the statute in precisely the same predicament, and are all equally included, .or excluded. It cannot be supposed for a moment that the Legislature had any' such intention. This is a highly penal statjTe and’ *76 must be strictly construed, and we are satisfied it has no application to the defendant. The judgment of the Circuit Court will, therefore, be affirmed.